IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-185 |
| | ) | |
| ELNA NECHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Gregory Gillilan, an inmate at Autry State Prison in Pelham, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On January 12, 2007, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 6). Plaintiff failed to respond.

On February 16, 2007, the Court granted Plaintiff ten (10) additional days to comply with the terms of the Court's January 12, 2007 Order. (See doc. no. 8). Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. The time to respond has passed, and

Plaintiff has not submitted the documents required by the Court's January 12, 2007 Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned repeatedly that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 23rd day of March, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

GREGORY GILLILAN, )
)
    Plaintiff, )
)
v. ) CV 106-185
)
ELNA NECHA, et al., )
)
    Defendants. )

## ORDER

Let a copy of this Report and Recommendation be served upon counsel for the parties. Any party who objects to this Report and Recommendation or anything in it must file, not later than April 12, 2007, specific objections with the Clerk of this Court. The Clerk will submit this Report and Recommendation together with any objections to the Honorable Lisa Godbey Wood, United States District Judge, on April 13, 2007. Failure to file specific objections will bar any later challenge or review of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings and recommendations of the Magistrate Judge, a party must, by April 12, 2007, file with the Clerk of the Court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Requests for extension of time to file objections to this Report and Recommendation shall be directed to the Honorable W. Leon Barfield, United States Magistrate Judge.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. The Judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the Magistrate Judge, making his own determination on the basis of that record. The Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a United States District Judge.

A party may not appeal a Magistrate Judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the discretion of a District Judge.

The Clerk is **DIRECTED** to serve a copy of this Report and Recommendation on counsel for all parties.

SO ORDERED this 23rd day of March, 2007, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2